IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

v.                              **CASE NO. 4:22-CR-00134-BSM**

**TERRENCE MCGEE**                                                      **DEFENDANT**

**ORDER**

Terrence McGee's motion to suppress [Doc. No. 20] is denied.

Little Rock police officers entered McGee's apartment early one morning in response to a report of a shooting. Mot. Suppress Evid. 1, Doc. No. 20; Officer's Rep., Doc. No. 22-1. Upon entering, they found McGee with a gunshot wound to his hand. Mot. Suppress Evid. 1; Officer's Rep; Officer's Body Camera Footage 1:35–2:20, Doc. No. 22-2. The officers asked McGee where the gun that shot him was, and he said he did not know. Mot. Suppress Evid. 1; Officer's Rep; Officer's Body Camera Footage 2:50–3:05, 6:20–6:35. While waiting for the ambulance to take McGee to the hospital, the police began looking for the firearm. Mot. Suppress Evid. 4; Resp. Def.'s Mot. Suppress 5–6, Doc. No. 22; Officer's Body Camera Footage 6:35–13:00. The officers stopped looking to make a phone call. Officer's Body Camera Footage 13:00–14:55. McGee's mother, who also lived in the apartment, then gave the officers permission to continue looking for the firearm. Mot. Suppress Evid. 6; Officer's Rep; Officer's Body Camera Footage 14:55–16:35. During the search, the officers found two firearms in a neighboring enclosed patio behind the apartment. Mot. Suppress Evid. 1; Officer's Rep; Officer's Body Camera Footage 16:35–37:55. One

of those firearms was equipped with a machine-gun conversion device, which is the subject of McGee's pending charge for possession of a machine-gun. Officer's Rep.; McGee Indictment 1, Doc. No. 3.

McGee is moving to suppress the seized evidence as well as the statements he made to law enforcement. McGee argues that the search violated his Fourth Amendment rights and that the government's use of his statements would violate his Fifth Amendment rights. *See Katz v. United States*, 389 U.S. 347, 357 (1967) (searches outside the judicial process are per se unreasonable under the Fourth Amendment unless an exception applies); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966) (prosecution may not use statements stemming from custodial interrogation of defendant unless it demonstrates use of procedural safeguards effective to secure Fifth Amendment privilege against self-incrimination); *Mincey v. Arizona*, 437 U.S. 385, 398 (1978) (statements that are not the product of rational intellect and free will violate the Fifth Amendment Due Process Clause and are inadmissible as evidence). McGee's motion is denied for several reasons.

First, McGee's statements were non-custodial because he: (1) was not under arrest; (2) was not a suspect; (3) was in his own home and had unrestrained freedom of movement while speaking to the officers; and (4) voluntarily responded to questions and did not object to providing basic information to officers. Resp. Def.'s Mot. Suppress 4; *see* Officer's Body Camera Footage 2:25–2:50; *see also United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990) (outlining six non-exclusive factors for determining whether an individual is in custody). McGee's statements do not violate his Fifth Amendment right to be free from self-

2

incrimination because he was not in custody at the time he made them. *See United States v. Czichray*, 378 F.3d 822, 830 (8th Cir. 2004).

Second, McGee's statements were the product of rational intellect and free will. At the time McGee was questioned, he was conscious and alert, and his mental and physical condition did not impair his ability to resist questioning. *See* Officer's Body Camera Footage 2:25–8:25. Because of this, the admission of his statements at trial will not violate his right to due process under the Fifth Amendment. *See United States ex rel. Cronan v. Mancusi*, 444 F.2d 51, 54 (2d Cir. 1971) (that prisoner at time of police questioning, during which he confessed to shooting his wife, was suffering from serious gunshot wound did not give rise to presumption that prisoner was incapable of exercising free volition and making rational choices or render him per se incapable of exercising reason).

Third, the initial search of the residence was justified by exigent circumstances because the unsecured firearm posed a danger to the officers and other occupants of the home. *See* Resp. Def.'s Mot. Suppress 6. Thus, because the initial search of the residence was justified by exigent circumstances, it did not violate the Fourth Amendment. *See United States v. Janis*, 387 F.3d 682, 687–88 (8th Cir. 2004) (exigent circumstances justified a warrantless search of a home after the defendant accidentally shot himself and had already been taken to the hospital).

Fourth, contrary to McGee's representations, his mother freely permitted the officers to engage in the search that produced the firearm at issue. The body camera footage shows an amicable conversation between the officers and McGee's mother. *See* Officer's Body

Camera Footage 14:55–16:35; *see also* Resp. Def.'s Mot. Suppress 7. The search authorized by McGee's mother does not violate the Fourth Amendment. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49 (1973) (consent is valid if voluntarily given and not the result of duress or coercion); *United States v. Matlock*, 415 U.S. 164, 170 (1974) (consent to a warrantless search by one who possesses common authority or other sufficient relationship to the premises or effect sought to be inspected is valid as against absent, nonconsenting person with whom that authority is shared).

Fifth, a hearing is not necessary because the record does not present a contested factual issue requiring an evidentiary hearing. *See United States v. Foster*, 15 F.4th 874, 876 (8th Cir. 2021).

IT IS SO ORDERED this 5th day of June, 2024.

_____
UNITED STATES DISTRICT JUDGE